lUNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BARTRAM YIHNI DABNEY,

                                    Plaintiff,                        9:10-CV-0519
                                                                           (GTS/DEP)
v.

DR. RAY MADDOCK, Physician, Great Meadow
Correctional Facility; and M. STORMER,
Corrections Officer, Great Meadow Correctional
Facility,

                                  Defendants.
_____

APPEARANCES:                                              OF COUNSEL:

BARTRAM YIHNI DABNEY, 93-A-7310
  Plaintiff, *Pro Se*
Clinton Correctional Facility
P.O. Box 2002
Dannemora, New York 12929

HON. ERIC T. SCHNEIDERMAN                  WILLIAM J. McCARTHY, JR., ESQ.
Attorney General for the State of New York      Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

HON. GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

     Currently before the Court, in this *pro se* prisoner civil rights action filed by Bartram

Yihni Dabney ("Plaintiff") against the above-captioned New York State correctional employees

("Defendants"), are the following: Defendants' motion to dismiss Plaintiff's Complaint for

failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6); United States Magistrate Judge

David E. Peebles' Report-Recommendation recommending Defendants motion be granted in part

and denied in part; and Plaintiff's Objection to the Report-Recommendation. (Dkt. Nos. 24, 33,

34.)  For the reasons set forth below, Magistrate Judge Peebles' Report-Recommendation is accepted and adopted in its entirety; Defendants' motion is granted in part and denied in part; Plaintiff's Eighth Amendment inadequate-medical-care claim against Defendant Dr. Raymond Maddock is dismissed with leave to replead during the pendency of this action in accordance with Fed. R. Civ. P. 15; and Plaintiff's First Amendment retaliation claim against Defendant Corrections Officer M. Stormer survives Defendants' motion.

## I.   RELEVANT BACKGROUND

### A.   Plaintiff's Complaint

Plaintiff filed his Complaint on May 3, 2010.  (Dkt. No. 1.)  By the Court's Decision and Order dated January 4, 2011, all of Plaintiff's claims were dismissed, except for the following two claims: (1) Plaintiff's First Amendment retaliation claim against Defendant Stormer, arising from the adverse action allegedly taken by Defendant Stormer between November 13, 2008, and November 29, 2008 (asserted in Plaintiff's First Cause of Action); and (2) Plaintiff's Eighth Amendment inadequate-medical-care claim against Defendant Maddock, arising from the wrongful and reckless denial of various medical care and permits between approximately August of 2009 and February of 2010 (constituting Plaintiff's Tenth Cause of Action).  (Dkt. No. 14.)

Because this Decision and Order is intended primarily for the review of the parties, the Court will not recite in detail the factual allegations giving rise to these claims, but will refers the reader the Court's Decision and Order of January 4, 2011, and Magistrate Judge Peebles' Report-Recommendation, which accurately summarize those factual allegations.  (Dkt. Nos. 14, 33.)

### B. Magistrate Judge Peebles' Report-Recommendation

On November 29, 2011, Magistrate Judge Peebles issued a Report-Recommendation recommending that Defendants' motion to dismiss for failure to state a claim be granted in part and denied in part in the following respects: that Plaintiff's Eighth Amendment inadequate-medical-care claim against Defendant Dr. Raymond Maddock be dismissed with leave to replead during the pendency of this action in accordance with Fed. R. Civ. P. 15; and that Plaintiff's First Amendment retaliation claim against Defendant Corrections Officer M. Stormer survive Defendants' motion. (*See generally* Dkt. No. 33.)[1] More specifically, Magistrate Judge Peebles concluded that Plaintiff's Eighth Amendment inadequate-medical-care claim was deficiently pled for each of two alternative reasons: (1) even when construed with the utmost of special liberality Plaintiff's Complaint does not allege facts plausibly suggesting that, even after Defendant Stormer's treatment of Plaintiff, Plaintiff suffered from a condition of urgency, one that may produce death, degeneration or extreme pain; and (2) even when construed with the utmost of special liberality Plaintiff's Complaint does not allege facts plausibly suggesting that Defendant Stormer acted with a sufficiently culpable mental state (akin to criminal recklessness) during the time in question. (*Id*. at 13-22.)

### C. Plaintiff's Objection to the Report-Recommendation

On December 9, 2011, Plaintiff filed an Objection to the Report-Recommendation. (Dkt. No. 34.) Liberally construed, Plaintiff's Objection asserts the following three arguments in

---

[1] Magistrate Judge Peebles also recommended that the Court grant Defendants' additional request for a stay of discovery pending the Court's issuance of a decision on Defendants' motion to dismiss. (Dkt. No. 33, at 27-29.) Because it appears from the docket sheet that no discovery has occurred since the filing of Defendants' motion, the Court finds that it is not necessary to address this aspect to Defendants' motion.

support of challenge to Magistrate Judge Peebles' recommendation that the Court dismiss (without prejudice) Plaintiff's inadequate-medical-care claim against Defendant Dr. Raymond Maddock: (1) Defendant Maddock knowingly refused to continue the pain medication that a prior treating physician had prescribed for Plaintiff to treat his arthritis condition; (2) in addition, Defendant Maddock knowingly refused to continue the permits for a medical boot, back brace, and hand brace that a prior treating physician had issued to Plaintiff to treat his arthritis condition; and (3) Dr. Maddock knowingly failed to follow DOCS guidelines governing the treatment of inmates afflicted with Hepatitis C. (*Id.*)

## II.   APPLICABLE LEGAL STANDARDS

### A.   Standard of Review Governing a Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[2] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary

---

[2] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

material that could have been, but was not, presented to the magistrate judge in the first instance.[3]

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.[4] Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[5] Finally, when *no* objection is made to a portion of a report-recommendation, the Court

---

[3] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

[4] *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

[5] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe,

subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[6]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B. Standard of Review Governing a Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)

The legal standard governing a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) was correctly recited in the Court's Decision and Order of January 4, 2011, and Magistrate Judge Peebles' Report-Recommendation. (Dkt. No. 14, at 5-10; Dkt. No. 33, at 6-8.) As a result, this standard is incorporated by reference in this Decision and Order, which (again) is intended primarily for the review of the parties.

### III. ANALYSIS

As an initial matter, when liberally construed, Plaintiff's Objection *attempts* to challenge both Magistrate Judge Peebles' finding regarding the objective prong of the deliberate-indifference test, and the subjective prong of that test. Specifically, with regard to the objective prong, Plaintiff argues that, when Defendant treated Plaintiff, Plaintiff had already been prescribed pain medication by a prior treating physician. (Dkt. No. 34.) Similarly, with regard

---

J.).

[6] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

to the subjective prong, Plaintiff argues that, when Defendant treated Plaintiff, Defendant knew about the prescription and permits issued by Plaintiff's prior treating physician. (*Id*.) (In addition, Plaintiff argues that Defendant failed to follow DOCS guidelines governing the treatment of inmates afflicted with Hepatitis C.)

The problem is that both assertions are late-blossoming in that they were never presented in Plaintiff's Complaint. (Dkt. No. 1, at ¶¶ 40-41.) Nor were they asserted in Plaintiff's papers in opposition to Defendants' motion. (Dkt. No. 27, at 7-9.) As a result, they could not be considered by Magistrate Judge Peebles in his Report-Recommendation. (Dkt. No. 33.) As explained above in Part II.A. of this Decision and Order, a district court will ordinarily refuse to consider material that could have been, but was not, presented to the magistrate judge in the first instance. Here, the Court finds that considering these late-blossoming allegations as "challenges" to a report-recommendation that never had the benefit of the allegations would frustrate the purpose of the Magistrates Act. (The Court notes that the third argument asserted in Plaintiff's Objection, which regards Defendant Maddock's failure to follow DOCS guidelines governing the treatment of inmates afflicted with Hepatitis C, is merely a reiteration of the same argument made by Plaintiff in its original papers submitted to the Magistrate Judge Peebles.)

For these reasons, the Court finds that it need subject Magistrate Judge Peebles' Report-Recommendation to a clear-error review, which it survives. Even if the Court were to subject the Report-Recommendation to a *de novo* review, it would reach the same conclusion: the Court can find no error in the Report-Recommendation; Magistrate Judge Peebles employed the proper standard, accurately recited the facts, and reasonably applied the law to those facts. (*Id*.) As a result, Magistrate Judge Peebles' Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein.

The Court would add only that, even if it were to construe Plaintiff's Objections as effectively amending his Complaint (which, again, it does not, given the waste of judicial resources that would result), it would find that those amended allegations (as presented in Plaintiff's two-page Objections and two-paragraph Tenth Cause of Action) fail to state an Eighth Amendment inadequate-medical-care claim against Defendant Maddock.

For these reasons, and for the reasons stated by Magistrate Judge Peebles in his Report-Recommendation, Plaintiff's First Amendment retaliation claim against Defendant Stormer survives Defendants' motion, and Plaintiff's claims against Defendant Maddock are dismissed with leave of the Court to replead during the pendency of this action in accordance with Fed. R. Civ. P. 15.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Peebles' Report-Recommendation (Dkt. No. 33) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 24) is **GRANTED in part**, and **DENIED in part**, in the following respects:

>  (1) Plaintiff's Eighth Amendment inadequate-medical-care claim against Defendant Dr. Raymond Maddock (constituting Plaintiff's Tenth Cause of Action) is **DISMISSED with leave to replead** during the pendency of this action in accordance with Fed. R. Civ. P. 15; but
>
>  (2) Plaintiff's First Amendment retaliation claim against Defendant Stormer (asserted in Plaintiff's First Cause of Action) **SURVIVES** Defendants' motion; and it is further

**ORDERED** that Defendant Stormer shall file and serve an answer to plaintiff's complaint by 3/28/12; and then this case shall be referred to the Magistrate Judge to issue pretrial scheduling deadlines. The clerk is directed to terminate Defendant Maddock from this action.

Dated: March 7, 2012
       Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge