UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BARTRAM YIHNI DABNEY,

                Plaintiff,

v.

                                                         9:10-CV-0519
                                                         (GTS/DEP)

M. STORMER, Great Meadow Corr. Facility,

                Defendant.
_____

APPEARANCES:                                                      OF COUNSEL:

BARTRAM YIHNI DABNEY, 93-A-7310
  Plaintiff, *Pro Se*
Clinton Correctional Facility
P.O. Box 2002
Dannemora, New York 12929

HON. ERIC T. SCHNEIDERMAN                         KEITH A. MUSE, ESQ.
Attorney General for the State of new York          Assistant Attorney General
  Counsel for Defendant
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

       Currently before the Court, in this *pro se* prisoner civil rights action filed by Bartram Yihni Dabney ("Plaintiff") against New York State correctional employee M. Stormer ("Defendant"), are Defendant's motion for summary judgment (Dkt. No. 46), United States Magistrate Judge David E. Peebles' Report-Recommendation recommending that Defendant's motion be granted (Dkt. No. 59), and Plaintiff's Objections to the Report-Recommendation (Dkt. No. 60). For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety; Defendant's motion is granted' and Plaintiff's Complaint is dismissed.

I.  **RELEVANT BACKGROUND**

   A.  **Sole Claim Remaining in Plaintiff's Complaint**

Plaintiff filed his Complaint in this action on May 3, 2010. (Dkt. No. 1.) On January 4, 2011, and March 7, 2012, the Court issued Decisions and Orders that, *inter alia*, dismissed various of Plaintiff's claims. (Dkt. Nos. 14, 36.) Generally, following those two Decisions and Orders, the sole claim remaining in Plaintiff's Complaint asserts that, while he was incarcerated at Great Meadow Correctional Facility in Comstock, New York, Defendant violated his rights under the First Amendment by retaliating against him for filing a grievance against Defendant on November 13, 2008. (Dkt. No. 1.) More specifically, Plaintiff alleges that Defendant retaliated against him in the following ways: (1) denying him access to the commissary on November 13, 2008; (2) disconnecting the electrical supply to his cell from November 26, 2008, and November 30, 2008; (3) refusing to allow him to attend a disciplinary proceeding on November 29, 2008; and (4) at some point after November 13, 2008, making a degrading remark about his religion. (*Id*. at ¶¶ 6-11.) Familiarity with the particular factual allegations supporting this claims is assumed in this Decision and Order, which is intended primarily for the review of the parties. (*Id*. at "Statement of Claim.")

   B.  **Parties' Briefing on Defendant's Motion for Summary Judgment**

Generally, in his motion for summary judgment, Defendant asserts the following two arguments: (1) based on the admissible record evidence, no rational fact finder could conclude that Plaintiff has established any of the three elements of a First Amendment retaliation claim; and (2) in any event, based on the current record, Defendant is protected from liability as a matter of law by the doctrine of qualified immunity. (Dkt. No. 46, at Point I-II.) Accompanying

2

his motion were, inter alia, both a Statement of Material Facts and the District's form Notification of the Consequences of Failing to Respond to a Summary Judgment Motion. (Dkt. No. 46, Attach. 1-2.) Another copy of that form notification was sent to Plaintiff by the Court, following the filing of Defendant's motion. (Dkt. No. 47.)

Generally, in his response, Plaintiff asserts the following two arguments: (1) by denying Plaintiff the right to attend a disciplinary proceeding, Defendant Stormer violated Plaintiff's due process rights under the Fifth and Fourteenth Amendments, and subjected him to cruel and unusual punishment under the Eighth Amendment; and (2) because Plaintiff's right against cruel and unusual punishment was clearly established during the time in question, Defendant is not protected from liability as a matter of law by the doctrine of qualified immunity. (Dkt. No. 48, at Points I-II.) Plaintiff's papers were devoid of what Local Rule 7.1 of the Local Rules of Practice for this Court requires as a Response to Defendant's Statement of Material Facts. (*See generally* Dkt. No. 48.)

Generally, in his reply, Defendant argues that all the facts asserted and properly supported by Defendant in his Statement of Material Facts must be deemed admitted for purposes of Defendant's motion, because Plaintiff has failed to deny those facts in matching numbered paragraphs supported by accurate record citations, as required by Local Rule 7.1(a)(3). (Dkt. No. 49.)

### C. Magistrate Judge Peebles' Report-Recommendation

Generally, in his Report-Recommendation, Magistrate Judge Peebles recommends that Defendant's motion be granted, because no rational factfinder could conclude from the admissible record evidence that Plaintiff has established a First Amendment retaliation claim.

3

(Dkt. No. 59.) More specifically, Magistrate Judge Peebles finds that, even assuming that the record supports a finding that Plaintiff has satisfied the first two elements of a retaliation claim (i.e., the existence of protected activity and adverse action), there is no record evidence to support the third element (i.e., a causal connection between the protected activity and adverse action). (*Id*. at Part III.B.) Familiarity with the particular grounds of Magistrate Judge Peebles' Report-Recommendation is assumed in this Decision and Order, which (again) is intended primarily for the review of the parties.

### D. Plaintiff's Objections to the Report-Recommendation

Generally, liberally construed, Plaintiff's Objections assert the following three arguments: (1) Magistrate Judge Peebles failed to address Plaintiff's conspiracy claim in his Report-Recommendation; (2) Plaintiff's conspiracy claim should be allowed to "move forward" because numerous of the cases cited by Magistrate Judge Peebles (for example, *Garrett v. Reynolds*, 99-CV-2065, 2003 WL 22299359 [N.D.N.Y. Oct. 3, 2003]) are inapplicable because they involve suits against defendants in their official capacities while the current suit is against a defendant in his official *and individual* capacity; and (3) Plaintiff will be able to prevail on that conspiracy claim at trial because, with the affidavit of Inmate Mickey Cass, 05-A-1502, Plaintiff can prove that Defendant and Correctional Officer Leonard conspired to deny Plaintiff's right to attend a misconduct hearing, subjecting him to an atypical and significant hardship. (Dkt. No. 60.)

## II. APPLICABLE LEGAL STANDARDS

### A. Legal Standard Governing Review of a Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo*

4

review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance.[3]

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

[3] *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.[4] Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[5] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[6]

---

established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted).

[4]   *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

[5]   *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[6]   *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

**B.     Legal Standard Governing Motions for Summary Judgment**

Magistrate Judge Peebles correctly recited the legal standard governing motions for summary judgment. (Dkt. No. 59, at Part III.A.) As a result, that standard is incorporated by reference in this Decision and Order. The Court would add only the following point of law.

Embedded in the burden-shifting standard described by Magistrate Judge Peebles is the fact that, where a nonmoving party wilfully fails to adequately respond to a motion for summary judgment, a district court has no duty to perform an independent review of the record to find proof of a factual dispute–even if that nonmoving party is proceeding *pro se*.[7] (This is because the Court extends special solicitude to the *pro se* litigant largely by ensuring that he or she has received notice of the consequences of failing to properly respond to the motion for summary judgment.)[8] As has often been recognized by both the Supreme Court and Second Circuit, even *pro se* litigants must obey a district court's procedural rules.[9] For this reason, this Court has often enforced Local Rule 7.1(a)(3) by deeming facts set forth in a moving party's statement to have been admitted where the nonmoving party has willfully failed to properly respond to that statement[10]–even where the nonmoving party was proceeding *pro se* in a civil rights case.[11]

---

[7]     *Cusamano v. Sobek*, 604 F. Supp.2d 416, 426 & n.2 (N.D.N.Y. 209) (Suddaby, J.) (citing cases).

[8]     *Cusamano*, 604 F. Supp.2d at 426 & n.3 (citing cases).

[9]     *Cusamano*, 604 F. Supp.2d at 426-27 & n.4 (citing cases).

[10]     Among other things, Local Rule 7.1(a)(3) requires that the nonmoving party file a response to the moving party's Statement of Material Facts, which admits or denies each of the

C.  **Legal Standard Governing Plaintiff's Retaliation Claim**

Magistrate Judge Peebles correctly recited the legal standard governing Plaintiff's retaliation claim under the First Amendment. (Dkt. No. 59, at Part III.B.) As a result, that standard is incorporated by reference in this Decision and Order.

III. **ANALYSIS**

As an initial matter, even when construed with the utmost of liberality, Plaintiff's Objections fail to specifically challenge any finding or conclusion rendered by Magistrate Judge Peebles with regard to Plaintiff's First Amendment Retaliation claim. (*Compare* Dkt. No. 59 *with* Dkt. No. 60.) Instead, Plaintiff attempts to reassert a previously dismissed claim of conspiracy to violate his due process rights. (Dkt. No. 59.) As a result, for the reasons explained above in Part II.A. of this Decision and Order, the Court need review Magistrate Judge Peebles' recommendation that Plaintiff's First Amendment retaliation claim be dismissed only for clear error. After doing so, the Court can find no such clear error: in his thorough Report-Recommendation, Magistrate Judge Peebles employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (Dkt. No. 60.) As a result, the Court adopts the Report-Recommendation in its entirety for the reasons stated therein.

The Court would add only the following four brief points. First, in the alternative, the Court basis its decision to grant Defendant's motion on Plaintiff's failure to establish the first element of a retaliation claim (i.e., the existence of protected activity preceding the adverse action), for the reasons stated by Defendant in his memorandum of law. (Dkt. No. 46, Attach.

---

moving party's factual assertions in matching numbered paragraphs, and supports any denials with a specific citation to the record where the factual issue arises. N.D.N.Y. L. R. 7.1(a)(3).

[11]    *Cusamano*, 604 F. Supp.2d at 427 & n.6 (citing cases).

14, at 7-8 [attaching pages "5" and "6" of Def.'s Memo. of Law].) In so doing, the Court finds it appropriate to deem admitted the facts asserted in Defendant's Statement of Material Facts, due to Plaintiff's failure to file a Response to that Statement. The facts asserted in Defendant's Statement–including the fact that the sole grievance filed by Plaintiff against Defendant was filed on December 3, 2008–are all supported by accurate record citations. (Dkt. No. 46, Attach. 2.)[12] Plaintiff was (twice) given explicit and specific notice of the consequences of failing to submit a proper Response to Defendant's Statement. (Dkt. No. 46, Attach. 1; Dkt. No. 47.) He simply chose not to do so. (Dkt. No. 48.)

It is important to note that, before he responded to Defendant's motion for summary judgment in this action on November 19, 2012, Plaintiff had responded to motions for summary judgments in six other prisoner civil rights actions in federal court.[13] While the Court does not go so far as to say that the special solicitude that Plaintiff is generally to be afforded should be

---

[12] It is important to note that, according to Plaintiff's own Complaint, three of the four forms of adverse action he alleges occurred before December 3, 2008. (*See, supra,* Part I.A. of this Decision and Order.) Moreover, while the alleged time of the fourth form of adverse action (i.e., a degrading remark about Plaintiff's religion) is vague, the record clearly establishes that religious harassment was referenced in the grievance that Plaintiff filed on December 3, 2008, indicating that the fourth form of adverse action occurred before the filing of that grievance. (Dkt. No. 46, Attach. 8, at 6.) Furthermore, while the fourth form of adverse action could have occurred after the filing of the grievance, the fact that the religious harassment occurred "numerous times" before the filing of the grievance severs any causal link between the filing of the grievance and the fourth form of adverse action.

[13] *See Dabney v. Goord,* 04-CR-0988, Plf.'s Response to Defs.' Motion for Summary Judgment (S.D.N.Y. filed Jan. 8, 2007); *Dabney v. Goord*, 04-CV-0944, Plf.'s Response to Defs.' Motion for Summary Judgment (N.D.N.Y. filed Dec. 22, 2006); *Dabney v. Eagen*, 03-CV-0184, Plf.'s Response to Defs.' Motion for Summary Judgment (N.D.N.Y. filed Aug. 17, 2005); *Dabney v. McGinnis*, 97-CV-0489, Plf.'s Responses to Defs.' Motion for Summary Judgment (S.D.N.Y. filed Sept. 3, 2004); *Dabney v. McGinnis*, 01-CV-0065, Plf.'s Response to Defs.' Motion for Summary Judgment (S.D.N.Y. filed May 21, 2003); *Dabney v. Ricks*, 94-CV-1058, Plf.'s Response to Defs.' Motion for Summary Judgment (N.D.N.Y. filed Feb. 2, 2000).

entirely withdrawn with respect to his filing of responses to Statements of Material Facts on summary judgment motions, the Court finds that such withdrawal is not necessary in order to subject Plaintiff to the consequences of his failure: as pointed out above in Part II.B. of this Decision and Order, even *pro se* litigants must obey a district court's procedural rules.

Second, contrary to Plaintiff's assumption in his opposition memorandum of law (Dkt. No. 48), there is no due process claim currently pending against Defendant in this action. That claim was dismissed without prejudice against Defendant by the Court's Decision and Order of January 4, 2011. (Dkt. No. 14, at 10-13, 43.) If Plaintiff wanted to reassert that claim, he could have done so within 21 days of the filing of Defendant's motion to dismiss for failure to state a claim on March 17, 2011, pursuant to Fed. R. Civ. P. 15(a)(1)(B). (Dkt. No. 24.) However, he did not do so. (*See generally* Docket Sheet.) Nor did Plaintiff file a motion to amend before the expiration of the deadline for all motions on October 11, 2012. (Dkt. No. 38, at 4.) The Court is not inclined to let him change the landscape of his claims once discovery has closed, and Defendant has spent the time and incurred the expense of filing a motion for summary judgment. *Abdul-Matiyn v. Allen*, 06-CV-1503, 2010 WL 3880510, at *4 & n.9 (N.D.N.Y. Sept. 28, 2010) (Suddaby, J.) (collecting cases). The Court certainly will not do so where he has not even filed a proposed Amended Complaint, as required by Local Rule 7.1(a)(4).

Third, contrary to Plaintiff's assumption in his Objections (Dkt. No. 60), there is no conspiracy claim currently pending against Defendant in this action. For the same reasons that Plaintiff's due process claims against Defendant and Correctional Officer Leonard (and Hearing Officer Zernetski) were dismissed without prejudice in the Court's Decision and Order of January 4, 2011, Plaintiff's claim that those individuals acted in concert with one another to achieve that due process violation was dismissed without prejudice as well. (Dkt. No. 14, at 10-

13, 43.) That is why such a conspiracy claim was not listed among the claims "remaining in Plaintiff's Complaint" at the end of the Decision and Order. (*Id*. at 46.) If Plaintiff felt that that dismissal was not sufficiently express in the Court's Decision and Order of January 4, 2011, the deadline for seeking clarification of the dismissal expired 14 days after the filing of the Decision and Order. N.D.N.Y. L.R. 7.1(g). It is unfairly prejudicial to Defendant, and a gross waste of judicial resources, to seek such clarification now, after discovery has closed and Defendant filed a motion for summary judgment.

Fourth and finally, the cases referenced by Plaintiff in his Objections are not distinguishable in any material way.

For all of these reasons, Magistrate Judge Peebles' Report-Recommendation is accepted and adopted in its entirety; Defendant's motion is granted; and Plaintiff's Complaint is dismissed.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Peebles' Report-Recommendation (Dkt. No. 59) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendant's motion for summary judgment (Dkt. No. 46) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

The Court certifies, for purposes of 28 U.S.C. § 1915(a)(3), that any appeal taken from this Decision and Order would not be taken in good faith.

Dated: September 25, 2013
        Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge